UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIZZY DEAN WELLS, JR.,

        Plaintiff,

        v.                                                Case No. 25-cv-1963-bhl

NURSE TYSON,
LT. BLAATZ, and
JOHN DOES,

        Defendants.

## DECISION AND ORDER

Plaintiff Dizzy Dean Wells, Jr., a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). The Prison Litigation Reform Act (PLRA) applies to this case because Wells was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Notably, in his request to proceed *in forma pauperis*, Wells left the section requiring him to detail his litigation history blank, perhaps hoping the Court would overlook his history of filing prior federal lawsuits. But court records show that Wells has *nine* previous closed cases and has accumulated at least four strikes: (1) *Wells v. Schwarz*, Case No. 98-cv-938-RTR, dismissed on October 30, 1998 for failure to state a claim; (2) *Wells v. Schwarz*, Case No. 98-cv-653-RTR, dismissed on August 28, 1998 for failure to state a claim, (3) *Wells v. Miller*, Case No. 16-cv-1680-PP, dismissed on May 8, 2018 for failure to state a claim; and (4) *Wells v. Oshkosh Correctional Institution*, Case No. 23-cv-1068, dismissed on January 10, 2024 for failure to state a claim.

Because Wells has filed at least three lawsuits that were dismissed for failure to state a claim, the Court must deny his request to proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. "The 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (*quoting Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

The complaint alleges that Defendants were deliberately indifferent to Wells' back pain when they forcibly placed him in a wheelchair and then cut off his clothes to conduct a staff-assisted strip search. According to the exhibits Wells includes along with his complaint, this incident happened more than two years ago, on July 5, 2023. Wells alleges that he suffers from chronic back pain, which worsened after the 2023 incident. Wells' allegations do not meet the imminent danger requirement because they involve a completed act of harm from more than two

years ago, which allegedly worsened his chronic back pain, a condition that many people, incarcerated or not, must deal with every day. *See Piper v. Ghosh*, No. 10-cv-5806, 2011 WL 494283, at *1 (N.D. Ill. 2011) (chronic back pain does not present "imminent danger of serious physical injury" because there is nothing "imminent" about the potential for an injury that "has already happened").

Wells has struck out and his allegations do not give rise to a reasonable inference that he is in imminent danger of serious physical injury. Accordingly, the Court will deny his request to proceed *in forma pauperis*. If Wells wants to proceed with this case, he must first pay the $405 filing fee. If he is unable to prepay the full filing fee by the deadline below, the Court will dismiss this case without prejudice and, pursuant to 28 U.S.C. §1915(b)(1), will require Wells to pay the $350 statutory filing fee over time in the manner set forth in the statute.

**IT IS THEREFORE ORDERED** that Wells' motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Wells wants to proceed with this case, he must make arrangements to pay the $405 filing fee by **January 8, 2026**. If the Court receives the filing fee by the deadline, the Court will screen the complaint as required by 28 U.S.C. §1915A. If the Court does not receive the filing fee by the deadline, the Court will dismiss this case without prejudice.

Dated at Milwaukee, Wisconsin on December 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge