UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DIZZY DEAN WELLS, JR.,

        Plaintiff,

        v.                                  Case No. 25-cv-1963-bhl

NURSE TYSON et al.,

        Defendants.

_____

## DECISION AND ORDER
_____

      Plaintiff Dizzy Dean Wells, Jr., is a prisoner confined at the Waupun Correctional Institution who is representing himself in this 42 U.S.C. §1983 case. On December 15, 2025, along with his complaint, Wells filed a motion for leave to proceed without prepaying the filing fee. The Prison Litigation Reform Act (PLRA) applies to this case because Wells was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). On December 18, 2025, the Court denied Wells' motion to proceed *in forma pauperis* after it found that Wells had filed at least three lawsuits that were dismissed for failure to state a claim and concluded that the allegations in the complaint do not give rise to a reasonable inference that Wells is in imminent danger of serious physical injury. *See* Dkt. No. 4. The Court informed Wells that, if he wanted to proceed with this action, he must pay the $405 civil case filing fee by January 8, 2026.

      Wells did not pay the fee by the deadline. Instead, on December 29, 2025, he filed nearly sixty pages of documents that he argues support a conclusion that he is in imminent danger of serious physical injury. The Court has reviewed the documents and again concludes that *the*

*allegations in the complaint* do not give rise to a reasonable inference that Wells is in imminent danger of serious physical injury. The additional documents Wells filed relate to incidents and allegations of harm that involve people other than the individuals he names as Defendants in the complaint and that occurred at a different institution years after the incident alleged in the complaint. In short, these documents are not relevant to the Court's assessment of whether Wells faces an imminent danger of serious physical injury. *See, e.g., Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) (explaining that a court must review a frequent filer's well-pled allegations *in the complaint* to determine whether a prisoner is in imminent danger) (emphasis added).

Because the deadline to pay the full filing fee has passed and Wells did not pay the fee or inform the Court of any challenges he faces in arranging payment of the fee, the Court will dismiss this action based his failure to pay the full filing fee.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** based on Wells' failure to pay the $405 filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Wells must pay the $350 statutory filing fee. Accordingly, the agency having custody of Wells shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wells is transferred to another institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wells is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 13, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.