UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────────────────────────

DIZZY DEAN WELLS, JR.,

                Plaintiff,

  v.                                                      Case No. 25-cv-1963-bhl

NURSE TYSON et al.,

                Defendants.

─────────────────────────────────────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────────────────────────────────────

      Plaintiff Dizzy Dean Wells, Jr., who is confined at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On December 18, 2025, the Court denied Wells' motion to proceed *in forma pauperis* after it found that Wells had filed at least three lawsuits that were dismissed for failure to state a claim and concluded that the allegations in the complaint did not give rise to a reasonable inference that Wells was in imminent danger of serious physical injury. *See* Dkt. No. 4 (citing 28 U.S.C. §1915(g)). The Court ordered Wells to pay the full $405 civil case filing fee by January 8, 2026. Wells did not pay the filing fee by the deadline, so the Court dismissed this action based on his failure to pay the filing fee. Dkt. No. 8.

      On January 27, 2026, Wells filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Alternatively, he asks the Court to extend his deadline to pay the $605 filing fee until after his release in 2030. He explains that he has no way to pay the filing fee; he cannot even afford to purchase basic hygiene supplies. He acknowledges that he will not be allowed to proceed *in forma pauperis* on appeal because he has "struck out" under §1915(g).

      The Court will deny Wells' motion. Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to

recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000).

Wells has not clearly established that he has newly discovered evidence or that the Court committed a manifest error of law. Indeed, he acknowledges that he has "struck out" under §1915(g). The Court does not have the authority to relieve Wells of the consequences imposed by this provision. The Court will also deny Wells' request that it extend his deadline to pay the $605 appellate filing fee until after his release in 2030. Wells has not shown good cause to justify such a lengthy extension. Again, he bears the consequence of having previously filed at least three cases that were dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that Wells' motion to alter or amend the judgment or, alternatively, for an extension of time (Dkt. No. 10) is **DENIED**.

Dated at Milwaukee, Wisconsin on February 4, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge